# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

PATRICK McGAIL,

          Petitioner,         :     Case No. 3:17-cv-251

   - vs -                              District Judge Walter Herbert Rice
                                         Magistrate Judge Michael R. Merz

JEFFREY B. NOBLE, Warden,
  London Correctional Institution,

                                          :

          Respondent.

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus action is before the Court on Objections by the Petitioner (ECF No. 19) to the Magistrate Judge's Report and Recommendations (ECF No. 16). District Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 18). The time within which the Warden was allowed to respond to Petitioner's Objections has expired and no response has been filed.

The Magistrate Judge's first Supplemental Report and Recommendations (ECF No. 21) addressed only the Warden's Objections and Petitioner's Response. Hence this Second Supplemental Report is required for completeness.

McGail pleaded only one ground for habeas corpus relief, to wit, that he was deprived of his Sixth Amendment rights to an impartial jury and to confront evidence against him due to juror misconduct and the subsequent application of the *aliunde* rule (Petition, ECF No. 1, PageID 5). The Magistrate Judge recommended granting a conditional writ as to the portion of that claim related to the statement of the jury foreman that he was a congregant at the same church at which

McGail claimed regular involvement, but had never seen McGail and his family there, so McGail must be lying (Report, ECF No. 16). The Magistrate Judge has adhered to that conclusion in the Supplemental Report (ECF No. 21).

The other portion of the claim is that McGail was prejudiced by a juror's recounting in deliberations newspaper accounts of the trial. On this portion of the claim, the Magistrate Judge found the Second District's decision was entitled to deference:

> The finding about the newspaper reports, on the other hand, requires deference. Here the Second District found there was no proof offered that the newspaper stories "contained information that was contrary to evidence presented in open court." *Id.* None of the newspaper reports about the trial was attached to the motions for new trial when plainly they would have been available to McGail, on whom the burden of impeaching the verdict rested.

(Report, ECF No. 16, PageID 2270).

Petitioner objects that "the trial court had a constitutional duty of inquiry after learning from a juror that newspaper evidence 'slanted against' McGail was discussed during deliberations." (Objections, ECF No. 19, PageID 2295, citing *Nevers v. Killinger*, 169 F.3d 352 (6th Cir. 1999), *States v. Thomas*, 463 F. 2d 1061 (7th Cir. 1972), and *Mattox v. United States*, 146 U.S. 140 (1892)). The argument continues:

> Even without examples of the newspaper articles, the trial court had significant information about the articles. First, in clear contrast with McGail's trial testimony, the articles were "slanted against Patrick McGail's innocence." *State v. McGail,* 55 N.E.3d 513, 524-25 (Ohio Ct. App., Miami County Dec. 22, 2015). Second, the representations about the articles apparently influenced Juror Spiers to find McGail guilty, which offers information about the inculpatory nature of the articles and the jury room discussions about them. Id. Thus, the articles clearly were not consistent with the trial evidence presented as McGail's defense (including his testimony where he testified he was innocent).

*Id.*

There was no evidence before Judge Gee, the trial judge, that newspaper articles themselves were brought into the jury room. The Second District found as a matter of fact that no newspaper articles were submitted with the new trial motion. *State v. McGail*, 2015-Ohio-5384, ¶ 25, 55 N.E.3d 513, 2015 Ohio App. LEXIS 5394 (2nd Dist. Dec. 22, 2015). The only evidence before the state courts was the Spiers' Affidavit which reported what juror T.H. said to her about what was in the news reports.

With respect to the news reports, the Second District concluded:

> [*P40] In a similar vein, as we have already indicated, there was no information before the trial court that any inaccurate, inadmissible or prejudicial information was in any news reports. We have carefully reviewed and analyzed the entire record and transcript. The evidence itself was increasingly "slanted" against McGail with each passing day. We have also noted that defense questioning revealed that the lead detective initially believed McGail was the shooter. But at trial it was undisputed that Sowers fired the one and only gunshot that killed Nate Wintrow. In light of the evidence, no reasonable juror, or hypothetical average juror, could believe that the references in Spiers' affidavit to information from news reports was anything other than what was admitted in court. Therefore, the information was not prejudicial to McGail.

*Id.* Although Spiers averred that the content of the news reports influenced her verdict, that averment was properly excludable under the first part of Ohio Evid. R. 606(B) regarding the mental processes of a juror. The constitutionality of that provision is not questioned here.

The Second District's decision about the news reports amounts to a determination that McGail had not established the content of the news reports when evidence of that content was readily available to him and thus had not met his burden of production to require an evidentiary hearing. Beyond that it determines that the news reports were not prejudicial to McGail and thus their hearsay presence was, if constitutional error, harmless. *Nevers* supports the conclusion that

3

the presence of extraneous material is not structural error and thus is amenable to harmless error analysis.

Based on this analysis, the Magistrate Judge again concludes that this Court should defer to the Second District's decision about the content of the news reports and deny issuance of the writ as regards those reports.

March 22, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).