IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICK MCGAIL,

    Petitioner,

v.

JEFFREY B. NOBLE, WARDEN,
LONDON CORRECTIONAL
INSTITUTION,

    Respondent.

    :

    :

    :

    :

Case No. 3:17-CV-00251

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #16),
SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #21)
AND SECOND SUPPLEMENTAL REPORT AND
RECOMMENDATIONS (DOC. #22); OVERRULING ALL OBJECTIONS
OF RESPONDENT AND PETITIONER THERETO (DOCS. ##17,19, 23,
AND 24); GRANTING CONDITIONAL WRIT OF HABEAS CORPUS;
DIRECTIONS TO MIAMI COUNTY COURT OF COMMON PLEAS;
JUDGMENT TO ENTER IN FAVOR OF PETITIONER AND AGAINST
RESPONDENT; TERMINATION ENTRY

---

This matter is before the Court on Magistrate Judge Michael R. Merz's

Report and Recommendations, Supplemental Report and Recommendations and

Second Supplemental Report and Recommendations. Doc. ##16, 21 and 22. This

Court has reviewed said recommendations, and has conducted a thorough de

novo review as well of the petition for writ of habeas corpus, state court record

and exhibits, return of writ, objections, and related filings. Doc. ##1, 3, 11, 12, 15,

17, 19, 20, 23 and 24.

For the reasons set forth below, the Court adopts all Reports and Recommendations and, overrules any objections thereto and, in so doing, grants a conditional writ of habeas corpus.

## I.    Procedural Background.

Following a jury trial, Patrick McGail ("McGail" or "Petitioner") was convicted in Miami County Common Pleas Court on August 14, 2014, of two counts of murder (R.C. § 2903.02(B)), aggravated burglary (R.C. §2911.11(A)(2)) and aggravated robbery (R.C. 2911.01(A)(1)), as a result of his participation in an armed home invasion of a drug dealer named Nathan Wintrow. Doc. #1, PAGEID#1; Doc. #3, PAGEID##19 and 20. Mr. Wintrow was shot and killed on October 30, 2013, during the burglary by a co-defendant. *Id.* McGail testified at trial that, although he was aware of the planning for the robbery, he withdrew from the conspiracy and did not enter Wintrow's home. *Id.*, PAGEID##20 and 21. Following the jury verdict, Petitioner moved for a mistrial or an evidentiary hearing on juror misconduct and attached the affidavit of juror Kylie Spiers ("Juror Spiers"). Doc. #11, PAGEID#258.

Juror Spiers testified in her affidavit, in part, as follows:

3. My decision was influenced to vote 'Guilty' when the jury foreman... told the jury that he goes to St. Patrick's church the same church that McGail testified going to and that he had never seen Patrick or his family at that church, so McGail must be lying.

4. This information influenced me to not believe Patrick's testimony.

2

5. As a result, of [foreman's name] personal representation, I found Patrick McGail 'Guilty.' *Id.* at PAGEID#207.

The affidavit also stated that another juror told her that he had read newspaper articles about the case, discussed one of the articles with Juror Spiers on the final day of deliberations and that these articles were slanted against McGails' innocence and included the statements that he was the shooter. Juror Spiers stated that being told what the newspaper said also influenced her decision to find McGail guilty. *Id.*

The trial court treated the motion for a mistrial or an evidentiary hearing as one for a new trial and overruled the motion. *Id.* at PAGEID#269. Petitioner moved for reconsideration and this time challenged the constitutionality of Ohio Evid. R. 606(B). *Id.* at PAGEID#274. This motion was also denied and shortly thereafter, a Supplemental Motion for Mistrial Based on Juror Misconduct, which included a new affidavit of Juror Spiers along with an affidavit from a second juror attesting to the statement made by the foreman concerning McGail's alleged church involvement, was filed. *Id.* at PAGEID##284, 288 and 302. It does not appear from the record that this motion was ruled on by the trial court.

The case was appealed to the Second District Court of Appeals and included seven assignments of error with the second assignment stating that Petitioner was "denied his right to a fair trial as result [of] juror misconduct and the trial court erred in denying Appellant's Motions for Mistrial on that basis." Doc. #12, PAGEID#2215. The appellate court merged the aggravated robbery

with the murder convictions, the fourth assignment of error, but in all other respects affirmed the trial court. *State v. McGail*, 55 N.E.3d 513, 541 (Ohio Ct. App., Miami County Dec. 22, 2015). A jurisdictional appeal was filed with the Ohio Supreme Court raising the following proposition of law:

> Ohio Evidence Rule 606(B)'s requirement of *aliunde* evidence [evidence other than that happening within the jury room, i.e., evidence outside the jury room] to impeach a jury verdict should be found unconstitutional and, therefore, be replaced by Federal Rule of Evidence 606(b), which permits a juror to testify as to whether extraneous prejudicial information was improperly brought to the jury's attention. Doc. #12, PAGEID#2216.

On May 4, 2016, the Ohio Supreme Court declined jurisdiction. *State v. McGail*, 145 Ohio St.3d 1460 (2016).

On July 27, 2017, a petition of habeas corpus was filed stating that McGail was deprived of his Sixth Amendment right to an impartial jury and was unable to confront evidence against him due to juror misconduct and the application of the *aliunde* rule as set forth in Ohio Evid. R. 606(B). Doc. #1.

Because the Ohio Supreme Court refused to accept McGail's case, without rendering any opinion on the merits, this Court will look to the decision of the Second District Court of Appeals, *State v. McGail,* as the last reasoned opinion on the claim. *Wilson v. Sellers*, 138 S. Ct. 1188 (2018).

## II.    28 U.S. C. §2254(d)(1) and (d)(2) and the Appellate Decision

A prisoner who challenges in a federal habeas court a matter "adjudicated

on the merits in State court," is required to

> show that the relevant state-court 'decision' (1) 'was contrary
> to, or involved an unreasonable application of, clearly
> established Federal law,' or (2) 'was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.' 28 U.S.C. § 2254(d). Deciding
> whether a state court's decision 'involved' an unreasonable
> application of federal law or 'was based on' an unreasonable
> determination of fact requires the federal habeas court to 'train
> its attention on the particular reasons—both legal and factual—
> why state courts rejected a state prisoner's federal claims,'
> *Hittson v. Chatman*, 576 U.S. ——, ——, 135 S.Ct. 2126 (2015)
> (Ginsburg, J., concurring in denial of certiorari), and to give
> appropriate deference to that decision. *Harrington v. Richter*,
> 562 U.S. 86, 101–102 (2011), as cited in *Wilson v. Sellers*, at
> 1191-92 (2018)

Because Petitioner claims that both § 2254(d)(1) [law] and (d)(2) [fact] are at issue

in this habeas corpus proceeding, both the legal and factual reasoning of the

appellate court will be examined.

The Second District found that the *aliunde* rule barred any evidentiary

hearing because McGail had not presented any outside evidence of juror

misconduct and instead only filed an affidavit stating that the foreman said he

attended St. Patrick's church and had never seen McGail or his family there and,

because of that observation, McGail must be lying.[1] Similarly, because Juror

---

[1] Portions of Juror Spiers' affidavit concerning her personal beliefs on how certain
information swayed her verdict and how she would not have found McGail guilty if she
knew there was an option to hold out were excluded by the appellate court pursuant to
the first part of Ohio Evid. R. 606(B) (the evidence aliunde rule) and McGail has not
argued to the contrary.

Spiers referenced but did not include the actual newspaper articles that the other juror had said were "slanted" against Petitioner, the appellate court could not consider this portion of her affidavit. *State v. McGail*, 55 N.E.3d at 530.

Although McGail preserved, both at the trial court and appellate court level, the issue that the Ohio *aliunde* rule unconstitutionally prevented him from obtaining a decision on the merits of his underlying juror misconduct claim, it is clear that the Second District Court of Appeals did not find that any Sixth Amendment violation existed.

> In McGail's case, we see no reason not to apply Ohio's *aliunde* rule in regard to the complaint about church attendance that, in our view, was related to internal processes of a juror in deliberations. Assuming that during deliberations a juror who was a parishioner from St. Patrick's reported that he had never seen McGail or his family at the church, we fail to see how such a comment, absent external experimentation or investigation, is sufficient to ignore the limitations of Evid. R. 606(B). Moreover, with respect to newspaper stories, assuming that a juror reported what is contained in Spiers' affidavit, without any suggestion or evidence that the reports contained information that was contrary to evidence presented in open court, we apply the aliunde rule and exclude the juror's allegation of misconduct because there is no "other evidence" to support it. *Id.*

Finally, the appellate court held that, even if it disregarded Ohio Evid. R. 606(B) and considered Juror Spiers' affidavit, the information about Petitioner's church involvement was not prejudicial. "McGail's testimony about his church activities was minimal," the testimony of St. Patrick's church's youth director about

McGail's involvement in various activities was undisputed and "no reasonable juror, or hypothetical average juror, could believe McGail's credibility would be diminished by a parishioner who had not seen McGail or his family at the church." *Id.*

In arguing that the state appellate court decision violates both § 2254(d)(1) and (d)(2), McGail relies principally on *Doan v. Brigano*, 237 F.3d 722 (6th Cir. 2001). Petitioner also argues that the state appellate court's decision of harmless error was contrary to *Chapman v. California*, 386 U.S. 18 (1967). Finally, McGail contends that he was denied his due process right to an evidentiary hearing on the juror misconduct issue per *Nevers v. Killinger*, 169 F. 3d 352, 373 (6th Cir. 1999), *overruled on other grounds* by *Harris v. Stovall*, 212 F.3d 940 (6th Cir.2000) and *Smith v. Phillips*, 455 U.S. 209 (1982).

Respondent argues that that the key question is not whether the Ohio *aliunde* rule is an adequate and independent state ground of decision, but whether the appellate court's "considered assessment of the [*aliunde*] rule's constitutional ramifications" was reasonable. Doc. #17, PAGEID#2281. Respondent further states that after reviewing the entire record, comparing it to the information of which the jurors were properly aware and according due deference to the state court, the possibility of prejudice was slight. Doc. #17, PAGEID#2288-91.

III.    **Legal Discussion**

   A. **Ohio Evid. R. 606(B)**

McGail has challenged the constitutionality of Ohio Evid. R. 606(B) claiming

that the requirement of outside evidence, the *aliunde* rule, violates his Sixth

Amendment right to confront the evidence and the witnesses presented against

him, as well as his right to a jury that considers only the evidence presented at

trial. Ohio Evid. R. 606(B) reads as follows:

> (B) Inquiry Into Validity of Verdict or Indictment. Upon an
> inquiry into the validity of a verdict or indictment, a juror may
> not testify as to any matter or statement occurring during the
> course of the jury's deliberations or to the effect of anything
> upon that or any other juror's mind or emotions as influencing
> the juror to assent to or dissent from the verdict or indictment
> or concerning the juror's mental processes in connection
> therewith. A juror may testify on the question whether
> extraneous prejudicial information was improperly brought to
> the jury's attention or whether any outside influence was
> improperly brought to bear on any juror, only after some
> outside evidence of that act or event has been presented.
> However a juror may testify without the presentation of any
> outside evidence concerning any threat, any bribe, any
> attempted threat or bribe, or any improprieties of any officer of
> the court. A juror's affidavit or evidence of any statement by
> the juror concerning a matter about which the juror would be
> precluded from testifying will not be received for these
> purposes.

According to the affidavit of Juror Spiers, presented post-verdict as an

exhibit to the trial court in at least three different motions for mistrial and/or

evidentiary hearing, the foreman told the jury that he goes to McGail's church and

had never seen Petitioner or his family, and, therefore, McGail must be lying and a second juror stated that certain newspaper reports were "slanted" against McGail. The appellate court applied the *aliunde* rule and refused to consider the affidavit testimony because there was no outside evidence offered. *State v. McGail*, 55 N.E.3d at 528. In essence, the appellate court held that McGail failed to comply with a state procedural rule, Ohio Evid. R. 606(B), in attempting to prove his juror misconduct claim. As noted by Magistrate Judge Merz, however, the adequacy of a state procedural bar is itself a federal question. *Cone v. Bell*, 556 U.S. 449 (2009), citing *Lee v. Kemma*, 534 U.S. 362, 375 (2002); see also *Coleman v Thompson*, 501 U.S. 722, 736 (1991). Doc. #21, PAGEID#2303.

The Sixth Circuit has previously considered Ohio's *aliunde* rule and its impact on the Sixth Amendment. In *Doan v. Brigano*, 237 F.3d 722 (6th Cir.2001), a murder and child endangerment case, a juror conducted an out of court experiment at home and shared the results of her experiment with other jurors. The Sixth Circuit discussed Ohio Evid. R. 606(B) and the Sixth Amendment, and specifically held that application of Ohio's "*aliunde*" rule effectively denied the petitioner the opportunity to show a violation of his Sixth and Fourteenth Amendment rights. "The Sixth Amendment requires, 'at the very least,' that the evidence brought against a defendant and considered by the jury be presented at trial where the defendant can confront that evidence to the fullest extent possible." *Doan v. Brigano,* 237 F.3d at 733, citing *Turner v. Louisiana,* 379 U.S. 466, 472–73 (1965).

Ohio Rule 606(B), by refusing to allow consideration of evidence of the improper juror experiment in this case, fails to protect adequately Doan's constitutional right to a fair trial. The state court's use of this rule to decide Doan's constitutional claim is "contrary to" clearly established Supreme Court precedent recognizing the fundamental importance of this right. *Id.* citing *Parker v. Gladden,* 385 U.S. 363, 364–65 (1966); *Turner,* 379 U.S. at 472–73.

Although the Second District cites *Doan*, the focus of the state appellate court decision was on the out-of-court experiment conducted by the *Doan* juror, as opposed to the denial of a defendant to confront evidence in open court.

Furthermore, we distinguish *Doan*, as did the trial court, by the nature of the extrinsic information brought before the jury in that case. .... A juror conducted an experiment...In *Doan's* habeas corpus appeal, the Sixth Circuit Court of Appeals concluded that the juror was acting as a witness in her statements to the other jurors about the experiment. The court held that to the extent Ohio Evid. R. 606(B) excluded *any* consideration of the evidence about an out-of-court experiment that was not subject to cross examination and that might have been flawed in its methodology, the rule was unconstitutional. *Doan*, 237 F.3d at 736. *State v. McGail*, 55 N.E.3d at 528-29, (emphasis in original).

The point of *Doan*, however, was not the "nature of the extrinsic evidence," but the right of a defendant to hear and confront evidence given under oath which were denied both in *Doan* and for this Petitioner. As noted by the *Doan* court, "Ohio Rule 606(B), by denying the Ohio courts the ability to consider evidence of the jury misconduct in this case, denied Doan's right to confront the witnesses and the evidence against him, and thus clearly stands in conflict with Supreme Court precedent recognizing the fundamental importance of this constitutional right." *Id.* at 732.

Admittedly, while *Doan* involved an out of court experiment and this case did not, both the experimenting juror in *Doan* and the foreman in McGail engaged in conduct that violated the Sixth Amendment right to confront and cross-examine the witness. That fact that the *Doan* juror was experimenting outside the jury room and reporting results and that the McGail foreman was providing unsworn testimony of his alleged personal knowledge of Petitioner's church involvement is of no consequence. It is the inability of a defendant to confront evidence and challenge the testimony that was the issue in *Doan* and is the issue in this matter.

Additionally, the state appellate decision cites to *Brown v. Bradshaw*, 531F.3d 433 (6th Cir. 2008) and *Hoffner v. Bradshaw*, 622 F.3d 487 (6th Cir. 2010), as cases that suggest that *Doan* may no longer be good law. *State v. McGail*, 55 N.E.3d at 529. However, neither *Brown* nor *Hoffer* question *Doan's* holding as far as the *aliunde* rule and the Sixth Amendment are concerned. In fact, *Brown* did not even mention *Doan* and simply found no "constitutional impediment" to Ohio Evid. R. 606 (B), given that the issue involved alleged yelling and screaming and other similar conduct of deliberating jurors while in the jury room. *Hoffner* cited to *Doan* only to discuss the differences between the federal and state rules, Ohio Evid. R. 606(B) and Fed. R. Evid. 606(b).[2]

McGail, at the state appellate court level, argued that the *aliunde* rule precluded him from receiving a decision on the merits of his underlying juror

---

[2] The Sixth Circuit in *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), also cited by the Second District, followed *Doan* and involved an out of court experiment that was ultimately found to be harmless error.

misconduct claim. This Court agrees with the recommendation of the Magistrate Judge that the Second District's decision of the Petitioner's claim "is an objectively unreasonable application" of the established Supreme Court case law cited in *Doan*. Doc. #16, PAGEID#2269; Doc. #21 PAGEID#2303. In *Turner v. Louisiana*, 379 U.S. 466, 472-73 (1965) (defendant's Sixth Amendment right violated by deputy sheriffs who testified at murder trial of defendant and had charge of and fraternized with jury during trial) and later in *Parker v. Gladden*, 385 U.S. 363 (1966) (statements by bailiff to jurors that defendant was "wicked fellow" and that Supreme Court would correct any juror error violated Sixth Amendment), both of which are cited in *Doan*, the United States Supreme Court left no doubt but that "'the 'evidence developed' against a defendant shall come from the witness stand in a public courtroom where there is full judicial protection of the defendant's right of confrontation, of cross-examination, and of counsel.' *Turner v. Louisiana* at 472-73; *Patterson v. People of State of Colorado*, 205 U.S. 454, 462 (1907), as cited in *Parker v. Gladden*, 385 U.S. at 364. Accordingly, where, as here, evidence is not presented to a jury in open court and the defendant does not have the ability to confront it, the Sixth Amendment is violated.

The second issue raised by McGail's petition concerned the newspaper articles which another juror discussed with Juror Spiers, telling her that they were "slanted" against McGail. In this instance, deference should be shown to the appellate court for the reason that there was no evidence that the newspaper stories contained information that was contrary to evidence offered in open court.

*State v. McGail* at 530. For whatever reason, the news articles were never produced and, as such, cannot be considered, since there is no basis to determine their content.

### B. Harmless Error

Although the Second District found that the *aliunde* rule did not permit it to consider any constitutional violation in the Spiers' affidavit, the state appellate court concluded that even if a violation of McGail's Sixth Amendment right did occur due to the foreman's statements, it was not prejudicial. *State v. McGail*, 55 N.E.3d at 530. Similarly, Respondent argues that the foreman's statement that he attends McGail's church and had never seen McGail's family or McGail there so he must be lying, had no effect on the outcome of the case since credibility was not an issue. "The juror's statement that he did not see McGail at church did not have a substantial or injurious effect on the verdict because this case did not turn on the credibility of McGail's testimony." Doc. # 17, PAGEID#2283. As support for this assertion, Respondent states that the lack of cross-examination of McGail concerning his church attendance and activities, as well as the failure of defense counsel to mention in closing argument any aspect of the church testimony is an admission that "... McGails' credibility was not central to the defense case." Doc. #23, PAGEID#2321. According to the Respondent, the foreman's statement was simply "an offhand comment" and no reasonable juror would believe the

foreman since there were photographs introduced showing a younger McGail participating in activities at the local Catholic church. *Id.*

This Court, however, disagrees with the appellate court and Respondent. The foreman's statement to the jury that McGail "was lying" because the foreman attended McGail's church and never saw McGail or his family there, was, in fact, prejudicial. McGail, as the defendant in a criminal case, testified in order to explain an alibi that was clearly at odds with the testimony of his alleged accomplices, Jason Sowers and Brendon Terrel, as well as the physical evidence in the case. In doing so, McGail's credibility was undeniably in issue. In fact, "… whenever a witness takes the stand, he necessarily puts the genuineness of his demeanor into issue." *Steward v U.S.*, 366 U.S. 1, 6 (1961) (mistrial warranted when cross examination disclosed that the defendant failed to testify at two previous trials which resulted in convictions). "This is so because the defendant's credibility is in issue whenever he testifies." *Id.* at 17, n.13.

Respondent's argument that the foreman's statement was harmless error, because neither McGail's church attendance nor church activities were mentioned in cross-examination or closing argument misses the mark. The purpose of the testimony, concerning McGail's youthful involvement and his family's church attendance was not whether McGail or his family regularly attended 10:00 mass at St. Patrick's or regularly attended church at all. Rather, the purpose and importance of the trial testimony that McGail had previously been involved in charitable parish activities and that he had attended church with his family at

some earlier point in time was that it portrayed McGail someone other than a defendant on trial for a home invasion where a local resident ended up being murdered. Evidence and testimony concerning McGail's youthful church activities and his earlier church attendance with his family helped portray McGail as an 18-year old of good character and credibility that would, hopefully, enable a jury to believe his testimony concerning his alibi. Pictures of a young McGail in the local church youth group along with the testimony of the youth director, Diane Mengos, as well as his sister, Autumn Kunkle, who described their up-bringing as "...very family oriented" with baseball and soccer games, travel and adding that we "[W]ent to church every Sunday," did not need to be subject to cross-examination or argued in closing in order to strengthen McGail's credibility. Doc. # 11-6, PAGEID#1768. McGail's own testimony concerning church was limited to his testimony that "church and school" were the most important things in his family when he was growing up, and that he goes to church to ask for forgiveness for not stopping the home invasion. Doc. # 11-6, PAGEID##1933 and 1996.

Because testimony concerning McGail's church involvement was obviously used to establish his good character and bolster his credibility with the jury, and interestingly was never challenged by the prosecution, the importance of the foreman stating privately to the jury that he "goes to St. Patrick's church" but that "he had never seen Patrick or his family at that church, so he must be lying" cannot be overstated. McGail had no knowledge of the unsworn juror "witness" testimony that was secretly undermining his credibility, i.e., his defense, and, as

such, had no ability to challenge it. The statements of the foreman, allegedly

based on his personal knowledge and shared with the jury, was, in fact, testimony

or "evidence" based on out of court information and was not "related to internal

process of a juror in deliberations." *State v. McGail*, 55 N.E.3d at 530. Accordingly,

the appellate court's opinion that the foreman's statement to the jury was

"harmless error" was an unreasonable determination of the facts in light of the

evidence presented. 28 U.S.C. §2254(d)(2).

Having reviewed the record and having found a constitutional error, the

Court has grave doubt as to whether the error is harmless. "When a federal judge

in a habeas proceeding is in grave doubt about whether a trial error of federal law

had 'substantial and injurious effect or influence in determining the jury's verdict,'

that error is not harmless. And, the petitioner must win." *O'Neal v. McAninch*,

513 U.S. 432, 436 (1995) (where a trial judge after a thorough review of the record

finds a constitutional error yet "remains in equipoise" as to the error's

harmlessness, the error is not harmless) (quoting *Brecht v. Abrahamson*, 507 U.S.

619, 627, (1993)) (quoting, and adopting, standard set forth in *Kotteakos v. United

States*, 328 U.S. 750, 776 (1946)). The foreman's unsworn testimony as to the

"true" character of McGail, creates "grave doubt about whether a trial error of

federal law had no substantial and injurious effect or influence in determining the

jury's verdict" and, thus, is not a harmless error.

## C. Evidentiary Hearing

McGail argues that he is entitled, "at a minimum," to an evidentiary hearing or a new trial. Doc. #3 PAGEID#41; Doc. #15 PAGEID#2250. It is well established, however, that, in cases of juror partiality, a post-trial evidentiary hearing is the appropriate remedy and not a new trial. *Nevers v. Killinger*, 169 F.3d at 373, citing *Smith v. Phillips*, 455 U.S. 209 (1982).

In *Nevers,* two Detroit police officers were convicted of second degree murder in state court in the beating death of an African American. Following a lengthy trial, the state court denied a motion for a new trial and an evidentiary hearing based on affidavits, which the state trial court accepted as true, concerning three extraneous matters that the court concluded had reached some or all of the jury, namely: (1) that the jury had viewed, at least in part, the film "Malcolm X;" (2) that a juror had learned from news reports about the city preparing for a potential riot in the event of an acquittal; and (3) that the jurors had been exposed to and had considered that the two police officers were part of an undercover unit allegedly engaged in harassment of young African American men. *Id.* at 369. In affirming the granting of the writ for habeas corpus by the district court, the Sixth Circuit reiterated the standard for a trial court when it learns of extraneous jury influence.

> When a trial court is presented with evidence that an extrinsic influence has reached the jury which has a reasonable potential for tainting that jury, due process requires that the trial court take steps to determine what the effect of such extraneous information actually was on that jury. In *Smith v. Phillips*, 455 U.S. 209, 102 S.Ct. 940, 71

L.Ed.2d 78 (1982), the Supreme Court made it clear that, while no court has the ability to shield jurors from every outside contact or influence that might affect their votes, nonetheless, the trial court has a duty to take steps to ensure that the jury votes solely on the basis of the evidence presented at trial. "Due process means a jury capable and willing to decide the case solely on the evidence before it, and a trial judge ever watchful to prevent prejudicial occurrences and to determine the effect of such occurrences when they happen." *Id.* at 217, 102 S.Ct. 940. The Court went on to hold that a post-trial hearing is sufficient to decide juror partiality in both the state and federal courts, and that in a federal habeas proceeding, the factual finding made by the state trial court in such a hearing is entitled to the presumption of correctness. *Id.* at 218.

In this case, the application of the *aliunde* rule violates "clearly established federal law" in contravention of § 2254(d)(1) and the decision of the state court excluding consideration of the Spiers' affidavit does not "rest on a state law ground that is independent of the federal question and adequate to support the judgment." *Doan v. Brigano,* at 727. Pursuant to § 2254(d)(2), the Court finds that the decision of the state appellate court that the jury foreman's testimony was not prejudicial and "related to internal process of a juror in deliberations," *State v. McGail*, 55 N.E.3d at 530, to be a decision based on an "unreasonable determination of the facts" in light of the evidence presented. The statement of the jury foreman had a "reasonable potential" for tainting the jury and "due process requires that the trial court take steps to determine what the effect of such extraneous information actually was on that jury." *Nevers v. Killinger*, 169 F.3d at 373. For these reasons, McGail is entitled to an evidentiary hearing before the trial court pursuant to the Fourteenth Amendment.

### III.    Conclusion

Based on the foregoing, the Court ADOPTS the Report and

Recommendations Doc. #16, the Supplemental Report and Recommendations

Doc. # 21, the Second Supplemental Report and Recommendations Doc. # 22 and

OVERRULES all Objections filed by both the Respondent and Petitioner, Docs.

##17, 19, 23 and 24.  The Court herein grants a conditional writ of habeas corpus,

requiring that Petitioner be discharged from custody unless he is given a prompt

evidentiary hearing, not later than ninety (90) days from date, in the Miami County

Common Pleas Court on his claim of juror misconduct. The evidentiary hearing

will concern questions of what the jury foreperson said about McGail and/or his

family's church attendance and/or participation and its impact on the jury and its

members. This Court should be notified of the results of this hearing.

Judgment will be entered in favor of Petitioner and against Respondent.

The captioned case is hereby ordered terminated upon the docket records

of the United States District Court of the Southern District of Ohio, Western

Division, at Dayton.


Date: November 13, 2018

WALTER H. RICE
UNITED STATES DISTRICT JUDGE